102-08/MEU/LJK
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ATLAS SHIPPING A/S
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ATLAS SHIPPING A/S,

                             Plaintiff,

   -against-

GLOBAL LOGISTICS CO, LTD, SEOUL,

                             Defendant.
------------------------------------------------------------x

08 Civ _____ ( ___ )

**VERIFIED COMPLAINT**

08 CV 2013

JUDGE RAKOFF

      Plaintiff, ATLAS SHIPPING A/S (hereinafter "ATLAS") as and for its Verified Complaint against Defendant GLOBAL LOGISTICS CO, LTD, SEOUL (hereinafter "GLOBAL") alleges upon information and belief as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action also arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

      2.     At all times material hereto, Plaintiff ATLAS was and still is a foreign business

entity duly organized and existing under the laws of a foreign country with an address at 11 Sundkaj, Freeport, 2100 Copenhagen, Denmark.

3. At all times relevant hereto, Defendant GLOBAL was and still is a foreign business entity organized and existing under the laws of a foreign country with an address at 7th Floor, Hosung Building 44-22, Yoido-Dong, Youngdungo-Ku, Seoul, South Korea.

4. On or about September 28, 2007, Plaintiff ATLAS entered into a maritime charter party contract with non-party COSCO Bulk Carriers Ltd. for the charter of the M/V PROGRESS II on an amended New York Produce Exchange Form for a period of approximately 1 year. Among other terms and conditions of this charter, ATLAS was obligated to pay COSCO a daily hire rate of $51,300.

5. The COSCO – ATLAS charter allowed ATLAS to sub-charter the vessel.

6. ATLAS sub-chartered the M/V PROGRESS II to Defendant GLOBAL on or about November 8, 2007 on terms that were largely back-to-back with the head charter. Among other terms and conditions of the sub-charter, GLOBAL was obligated to pay ATLAS a daily hire rate of $64,500. The minimum charter period for the ATLAS – GLOBAL sub-charter was up to January 20, 2009.

7. GLOBAL appears to have sub-sub-chartered the vessel to non-party Daewoo Logistics.

8. The vessel was delivered by COSCO to ATLAS and from ATLAS to GLOBAL on or about December 25, 2007.

9. GLOBAL, in turn, delivered the vessel to Daewoo soon thereafter.

10. Prior to the delivery of the vessel by COSCO to ATLAS and from ATLAS to GLOBAL, while the vessel was loading cargo on November 27, 2007, damage was incurred to

the vessel's crane no. 1 (the vessel had 4 cranes). The vessel was otherwise in working order and otherwise met its minimum description under the various charters.

11. COSCO advised at or about the time of delivery that crane no. 1 would need to be removed from service and would be repaired within a few months. COSCO advised further that the three remaining cranes could adequately service all of the vessel's holds and that the disruption to cargo operations would be minor.

12. At or about this time, the charter market dropped precipitously.

13. Daewoo appears to have chartered in a substitute vessel to perform the work that had been allotted to the M/V PROGRESS II, and cancelled its charter with GLOBAL, alleging that the GLOBAL-Daewoo charter had been breached by reason of, *inter alia*, the non-functioning crane no. 1.

14. GLOBAL, in turn, and for the same reason, terminated its charter with ATLAS.

15. GLOBAL's termination of the charter with ATLAS was improper under the ATLAS – GLOBAL charter's terms and conditions and constitutes repudiatory breach by GLOBAL vis-à-vis ATLAS.[1]

16. As a direct result of GLOBAL's repudiatory breach, ATLAS lost its anticipated profit of $13,200 per day over the period January 2, 2007 – January 20, 2009, which is a period of 384 days, for a total of $5,068,800.

17. The ATLAS – GLOBAL charter party contains a mandatory and binding arbitration clause which requires the parties to arbitrate any and all disputes at London, England. ATLAS specifically reserves its right to arbitrate the substantive matters at issue. Arbitration has been commenced between the parties.

---

[1] The allegation concerning the repudiatory breach by GLOBAL of the ATLAS – GLOBAL charter party are without prejudice to ATLAS's arguments that may be made in any arbitration or litigation with non-party COSCO Bulk Carriers Ltd.

18. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff ATLAS's claims made or to be made in arbitration in London, as agreed by the parties.

19. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim in admiralty and the amount sued for herein.

20. Plaintiff ATLAS estimates, as nearly as can presently be computed, that the recoverable legal expenses and costs of prosecuting its claims in London arbitration will be $400,000. Interest anticipated to be awarded is estimated to be $641,165.62 (calculated at the rate of 6% per annum compounded every 3 months for a period of 2 years, the estimated time for completion of the proceedings in London, on the base amount of $5,068,800).

21. In all, the claim for which Plaintiff ATLAS sues in this action, as near as presently may be estimated, totals $6,109,965.62, no part of which has been paid by Defendant GLOBAL. Plaintiff ATLAS specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure ATLAS.

22. Upon information and belief, and after investigation, Defendant GLOBAL cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant GLOBAL

LOGISTICS CO, LTD, SEOUL (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

23. The total amount sought to be attached pursuant to the above is $6,109,965.62.

**WHEREFORE**, Plaintiff ATLAS SHIPPING A/S prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$6,109,965.62** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant GLOBAL LOGISTICS CO, LTD, SEOUL, including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and

enforcement of any award entered against the Defendant in the London proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
February 28, 2008

By:

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
ATLAS SHIPPING A/S

Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
MICAHEL E. UNGER

Sworn to before me this
28th day of February, 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08

NYDOCS1/299422.2                              7